**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HARSHITHA CHALLA,**<br>     **Plaintiff,**<br><br>     v.<br><br>**UNITED STATES DEPARTMENT OF**<br>**HOMELAND SECRUITY,**<br>     **Defendant.** | **Civil Action No. 24-3065 (JDB)** |

## MEMORANDUM OPINION

Harshitha Challa is an Indian national who came to the United States on a student visa. While pursuing a master's degree, she found employment in the United States as part of the STEM Optional Practical Training ("OPT") program, and one of her employers subsequently sponsored her for an H1-B employment visa. But the U.S. Citizenship and Immigration Services ("USCIS") denied Challa's H1-B visa application. And when she attempted to re-enter the country after visiting relatives in India, a customs officer found her inadmissible because her H-1B visa application failed to disclose that she had worked without compensation, a violation of STEM OPT program rules. After finding Challa inadmissible, the customs officer ordered her expedited removal.

Back in India, Challa filed a Traveler Redress Inquiry Program ("TRIP") application with the Department of Homeland Security ("DHS"), requesting that DHS remove the inadmissibility determination from her records. Unmoved, DHS denied Challa's TRIP application without explaining why it chose to retain the inadmissibility finding. Challa now challenges DHS's denial of her TRIP application under the Administrative Procedure Act ("APA"), asserting that the denial

1

decision was arbitrary and capricious because it was not founded in law or fact, and because DHS failed to provide her with an adequate explanation.  DHS has moved to dismiss all claims on jurisdictional grounds.

Upon consideration of DHS's motion and the parties' replies, this Court finds that the Illegal Immigration Reform and Immigrant Responsibility Act bars the Court from considering Challa's claim that DHS's refusal to remove the inadmissibility finding from her records was arbitrary and capricious.  However, the Court has jurisdiction over her claim that DHS's explanation for its denial of her TRIP application was inadequate because that claim disturbs neither the expedited removal order nor its underlying inadmissibility determination.  Accordingly, the Court grants in part and denies in part DHS's motion to dismiss.

## BACKGROUND

### I.    Factual Background

Challa's complaint alleges the following facts, which this Court presumes to be true at this stage of the proceedings.

Harshitha Challa entered the United States under a student visa to pursue a master's degree, which she completed in August 2015.  2d Am. Compl. ¶ 3, Dkt. 20.  Challa applied for and was approved to work within the Optional Practical Training ("OPT") program, allowing her to maintain her student visa.  Id. ¶ 4.  After her initial OPT, Challa applied for a STEM extension, which requires graduates to work for "a paying employer."  Id. ¶¶ 8, 9.  Challa worked while in the STEM OPT program for two companies that did not pay her.  Id. ¶¶ 10, 11.

Following the conclusion of her STEM OPT, Challa began a second master's degree, which required participation in the Curricular Practical Training ("CPT") program.  Id. ¶ 13.  During her CPT, Challa worked for a technology company, which subsequently sponsored her application for

an H-1B visa.  Id. ¶ 14.  While USCIS initially approved her H-1B petition, it later denied her application to adjust her status, finding her ineligible for an H-1B employment visa because she had worked without compensation during her STEM OPT, in violation of program rules.  Id. ¶¶ 14, 15.  Challa was nevertheless able to continue working in the United States for a time, including leaving and re-entering the country.  Id. ¶¶ 16, 17.

Then, in March 2021, Challa traveled to India to visit family.  Id. ¶ 23.  She attempted to re-enter the United States afterwards and presented herself for inspection at Chicago O'Hare Airport.  Id. ¶ 24.  When she was taken for additional screening, a customs officer deemed Challa inadmissible under the Immigration and Nationality Act because she "sought to procure a visa by fraud or willful misrepresentation of a material fact when [she] failed to disclose her F-1 [student] visa violation [] during her H-1B visa application," and ordered her expedited removal.  Id. ¶ 35.

In April 2023, Challa filed a TRIP application, requesting that DHS correct the inadmissibility determination and providing evidence that DHS made "factually and legally erroneous fraud findings."  Id. ¶ 36.  Challa alleges that DHS responded "with a generic and vague statement that her records had been corrected," but did not state the "nature of that correction."  Id. ¶ 37.  Undeterred, Challa applied for another visa to enter the United States.  And in September 2023, Challa appeared for an interview at the Hyderabad U.S. Consulate, where a consular officer refused her a visa because she had been found inadmissible.  Id. ¶ 39.  The consular officer said her only recourse was to submit a TRIP application for record correction.  Id. ¶ 40.

## II.    Procedural History

Following the denials of her TRIP and visa applications, Challa sued DHS.  In her complaint she alleges two violations of the APA, although she later withdrew her second claim. Id. ¶¶ 84–109; Pl.'s Opp'n at 1, Dkt. 25.  As to the claim she still presses, Challa contends that

DHS violated 5 U.S.C. § 555(e) by denying her TRIP application without providing her written notice and an explanation of the decision. 2d Am. Compl. ¶¶ 84–91. She further asserts that DHS's "failure to correct the records was arbitrary and capricious" because its decision lacked legal or factual support. Id. ¶ 91. And she asks this Court to order DHS to reopen her TRIP application and adjudicate it "based on the evidence in the record." Id. at 18.

DHS has moved to dismiss Challa's complaint for lack of subject-matter jurisdiction. Def.'s Mot. at 1–2, Dkt. 21; Fed. R. Civ. P. 12(b)(1). It contends that 8 U.S.C. § 1252(a)(2)(A)(i), a jurisdiction stripping provision of the Illegal Immigration Reform and Immigrant Responsibility Act, bars this Court from exercising jurisdiction over Challa's claims. Def.'s Mot. at 15–22. In response, Challa reiterates her request that this Court order DHS to comply with the APA, adjudicate her TRIP application based on the evidence she has provided, and supply her an explanation for its TRIP decision. Pl.'s Opp'n at 1. DHS has now replied, Def.'s Reply, Dkt. 26, and its motion to dismiss is ripe for resolution.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a plaintiff include in their complaint "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). When considering a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "[t]he court assumes the truth of all well-pleaded factual allegations in the complaint and construes reasonable inferences from those allegations in the plaintiff's favor, but is not required to accept the plaintiff's legal conclusions as correct." Sissel v. HHS, 760 F.3d 1, 4 (D.C. Cir. 2014) (citation omitted).

**DISCUSSION**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "There is no dispute that the Constitution permits Congress to extend federal court jurisdiction to a case such as this one; the question is whether Congress has done so." Gunn v. Minton, 568 U.S. 251, 256–57 (2013).

The Illegal Immigration Reform and Immigrant Responsibility Act ("the Act") provides that if an immigration officer determines that an alien arriving in the United States is inadmissible for fraud or willful misrepresentation, the officer can order the individual removed from the United States "without further hearing or review" except in cases of asylum or fear of persecution. 8 U.S.C. § 1225(b)(1)(A)(i); see also Mullin v. Al Otro Lado, No. 25-5, 609 U.S. ---, 2026 WL 1825741, at *4 (June 25, 2026). Once the officer has ordered an alien's expedited removal, "no court shall have jurisdiction to review . . . [that] determination or to entertain any other cause or claim arising from or relating to the implementation or operation" of the removal order. 8 U.S.C. § 1252(a)(2)(A)(i) (emphasis added).

Whether the Act's jurisdiction-stripping provision precludes judicial review of Challa's claim depends on the contours of that claim. Although Challa frames her claim as a singular challenge to the DHS TRIP process, Pl.'s Opp'n at 1, a closer inspection reveals that she alleges two distinct violations, one substantive and one procedural. Substantively, Challa alleges that DHS violated the APA when it arbitrarily and capriciously denied her TRIP application because its decision was not founded in law or fact. 2d Am. Compl. ¶ 91; see also 5 U.S.C. § 706(2)(A). Procedurally, Challa asserts that DHS violated the APA when it did not notify her that it had denied her TRIP application or explain the basis for its decision. 2d Am. Compl. ¶ 90; see also 5 U.S.C.

5

§ 555(e).  Ultimately, the Court concludes that it lacks jurisdiction over Challa's substantive challenge but may consider her procedural challenge.

## I.    Substantive Challenge

Section 706(2)(A) of the APA directs courts to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  Challa invokes § 706(2)(A) here, alleging that DHS's "failure to correct the records was arbitrary and capricious in that it was not supported by law or fact" and that the Court therefore must set aside DHS's denial of her TRIP application.  2d Am. Compl. ¶ 91.  But even when APA review would otherwise be available, Congress can strip federal courts of the jurisdiction to hear certain categories of cases, Make the Rd. N.Y. v. Mullin, No. 25–5320, 2026 WL 1792978, at *2 (D.C. Cir. June 23, 2026), and DHS contends that the Act does so here, Def.'s Mot. at 15–22.  This Court agrees.

Under the Act, courts lack jurisdiction over claims "arising from or relating to" an order of expedited removal.  8 U.S.C. § 1252(a)(2)(A)(i).  When it comes to expedited removal orders, "[c]ourts may not review the underlying determination of inadmissibility."  Mullin, 2026 WL 1792978, at *2; see also Dubey v. DHS, 154 F.4th 534, 536–37 (7th Cir. 2025) (dismissing plaintiff's claim seeking APA review of inadmissibility determination because courts cannot review the underlying administrative finding upon which an expedited removal order is based).  Every expedited removal order has a justification, and "the statute might as well be erased from the United States Code" if an individual "could avoid § 1252(a)(2)(A)(i) by attacking that justification" rather than the order itself.  Dubey, 154 F.4th at 537.

Challa's APA challenge depends on the same maneuver rejected in Dubey, targeting the inadmissibility finding undergirding her expedited removal order, instead of the order itself.  In

keeping with the D.C. Circuit's decision in Mullin, 2026 WL 1792978, at *2, and the Seventh Circuit's decision in Dubey, 154 F.4th at 537, this Court concludes that the Act's jurisdiction stripping provision cannot be so easy to evade. The inadmissibility finding was the basis for Challa's expedited removal order, so an APA challenge to DHS's decision to retain that finding necessarily arises from or relates to that expedited order. Cf. Mullin v. Doe, Nos. 25–1083 & 25–1084, 609 U.S. ---, 2026 WL 1825840, at *10 (June 25, 2026) ("In APA cases, an agency's subsidiary decisions merge into the final agency action . . . ."). And § 1252(a)(2)(A)(i)'s command is clear—the Court lacks jurisdiction to hear claims arising from or relating to an expedited order of removal.

The Court's conclusion also comports with how judges in this District have applied analogous jurisdiction stripping provisions. For example, in Chen v. Rodriguez, 200 F. Supp. 3d 174, 180 (D.D.C. 2016), the plaintiff sought review of DHS's closure of his application to adjust his status. But the court found that it lacked jurisdiction over his claim because the closure of his application was inextricably linked to the plaintiff's outstanding deportation order, and the court could not review the deportation order itself. Id. at 181. Similarly, in Liang v. USCIS, Civ. A. No. 24-1690, 2025 WL 2694831, at *3 (D.D.C. Sept. 22, 2025), the court held that it lacked jurisdiction to review the substance of a letter notifying the plaintiff of DHS's intent to deny his immigrant investor petition because the letter was inextricably linked to pending removal proceedings against him and the court lacked jurisdiction to review the basis for the removal proceedings.

In short, the Act bars this Court from exercising jurisdiction over Challa's substantive 5 U.S.C. § 706(2)(A) claim because DHS's decision to retain its inadmissibility finding "aris[es] from or relat[es] to" the expedited order of removal, which under the Act is not subject to judicial review.

7

## II.    Procedural Challenge

Separately, Challa challenges DHS's failure to provide her with an explanation for its denial of her TRIP application, alleging DHS's silence violates § 555(e) of the APA.  See 2d Am. Compl. ¶ 90.  DHS again responds that the Court lacks jurisdiction to hear Challa's claim, citing § 1252(a)(2)(A)(i) of the Act, Article III standing doctrine, and the consular nonreviewability doctrine.  The Court considers each in turn.

### A. Section 1252(a)(2)(A)(i) Does Not Preclude Challa's § 555(e) Challenge to TRIP Procedures

"A 'fundamental' requirement of administrative law is that an agency 'set forth its reasons' for decision; an agency's failure to do so constitutes arbitrary and capricious agency action." Olivares v. TSA, 819 F.3d 454, 463 (D.C. Cir. 2016).  Congress codified this core tenet of administrative law at § 555(e) of the APA, which mandates that administrative agencies give "[p]rompt notice . . . of the denial in whole or in part of a written application, petition, or other request of an interested person made in connection with any agency proceeding" and requires that "a brief statement of the grounds for denial" accompany that notice.

Challa alleges that DHS failed to comply with § 555(e) of the APA when it neither notified her that it had denied her TRIP application nor explained its grounds for denial.  The Court agrees that DHS must comply with § 555(e) when denying TRIP applications.  TRIP applications are "written application[s]," DHS is an administrative agency subject to the APA, and this Circuit has repeatedly found that informal adjudications of written applications constitute "agency proceedings."  See, e.g., Khalid v. TSA, 172 F.4th 866, 874 (D.C. Cir. 2026) (reviewing a final order resulting from a DHS TRIP application for arbitrariness and capriciousness under the APA); Olivares, 819 F.3d at 464–65 (finding that TSA must comply with the requirements of § 555(e) when denying a foreign national's application to attend an FAA-certified flight school); Remmie

8

v. Mabus, 898 F. Supp. 2d 108, 119–21 (D.D.C. 2012) (holding that the Board for the Correction of Naval Records's unexplained denial of plaintiff's written application for record correction did not comply with § 555(e)).

Nevertheless, Congress may strip the federal courts of jurisdiction over claims that the APA would otherwise embrace. 5 U.S.C. § 701(a)(1); see also Block v. Cmty. Nutrition Inst., 467 U.S. 340, 345 (1984); Saavedra v. Albright, 197 F.3d 1153, 1157 (D.C. Cir. 1999). And DHS contends that Challa's procedural claim—like her claim for substantive review—is barred by § 1252(a)(2)(A)(i) of the Act.

Recall that the standard for determining whether a claim "aris[es] from" or "relat[es] to" an order of expedited removal, 8 U.S.C. § 1252(a)(2)(A)(i), is a functional one. Plaintiffs may not indirectly challenge immigration determinations that Congress has sheltered from direct judicial review. See, e.g., Dubey, 154 F.4th at 537. This does not mean, however, that the Court lacks jurisdiction over every claim downstream of an expedited removal order. As the Supreme Court explained when considering the sweep of a jurisdiction channeling provision—§ 1252(b)(9)[1]— that neighbors the provision at issue in this case, "when confronted with capacious phrases like 'arising from,'" courts must "eschew[] 'uncritical literalism' leading to results that 'no sensible person could have intended.'" Jennings v. Rodriguez, 583 U.S. 281, 293–94 (2018) (quoting Gobeille v. Liberty Mut. Ins. Co., 577 U.S. 312, 319 (2016)).

---

[1] Section 1252(b)(9) provides that:

Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

(emphasis added).

9

Applying this interpretive principle, Jennings determined that claims that do not seek review of an order of removal, do not challenge the decision to detain an alien in the first instance, and do not challenge any part of the process by which the alien's removability will be determined do not arise from unreviewable removal proceedings or actions. 583 U.S. at 294–95. Put differently, to determine whether a claim arises from an order or proceeding that this Court lacks jurisdiction to review, the Court must look to whether the claim would impugn the validity of that order or proceeding. Cf. Delgado v. Quarantillo, 643 F.3d 52, 55 (2d Cir. 2011) (examining "the substance of the relief that a plaintiff is seeking" to determine whether the plaintiff raises a reviewable independent claim or an indirect challenge to a removal order); Martinez v. Napolitano, 704 F.3d 620, 622 (9th Cir. 2012) (same).

Challa's § 555(e) claim does not impugn the validity of her expedited order of removal. It does not seek direct review of that order or its factual basis, and it does not challenge the procedures immigration officials relied on when determining she was inadmissible and ordering her expedited removal. Nor does the relief Challa seeks curtail the impact of her expedited removal order. The "substance of the relief" that Challa requests is simply for DHS "to provide written notice explaining the actions it has taken" in response to her TRIP application.[2] 2d Am. Compl. ¶ 88.

Accordingly, the Court finds that Challa's 5 U.S.C. § 555(e) claim does not arise from or relate to her expedited removal order and 8 U.S.C. § 1252(a)(2)(A)(i) thus does not strip the Court of jurisdiction to hear it.

---

[2] This does not mean plaintiffs may challenge the procedures behind the initial inadmissibility determination. See Jennings, 583 U.S. at 294 (finding § 1252(b) bars judicial review of "any part of the process by which . . . removability will be determined"); Dubey, 154 F.4th at 536–37 (rejecting plaintiffs' procedural challenge to their initial inadmissibility determinations). But that is not what Challa asks this Court to do. Challa challenges only the TRIP process, which allows individuals to request that DHS make corrections to their records. Because TRIP is independent from how DHS initially determined Challa was inadmissible, its procedures are reviewable.

**B. Challa Has Standing to Bring Her Procedural Claim**

Resisting the Court's conclusion, DHS argues that Challa cannot "splinter" this case by "fram[ing] [her claim] as a request for a 'reasoned explanation' of the Department's refusal to correct her immigration record," because it has "no independent significance" from the inadmissibility determination. Def.'s Reply at 1. In other words, DHS contends that Challa lacks standing to pursue a standalone procedural claim. Id. at 4–5. Again, this Court disagrees.

A plaintiff has standing to pursue a standalone procedural challenge to agency action if "(1) the government violated [a] procedural right[] designed to protect their threatened concrete interest, and (2) the violation resulted in injury to their concrete, particularized interest." Ctr. for Law and Educ. v. Dep't of Educ., 396 F.3d 1152, 1157 (D.C. Cir. 2005). A plaintiff raising a procedural challenge "need not show that but for the alleged procedural deficiency the agency would have reached a different substantive result." Ctr. for Biological Diversity v. EPA, 861 F.3d 174, 184 (D.C. Cir. 2017). "All that is necessary is to show that the procedural step was connected to the substantive result." Id. (citation omitted); see also Lujan v. Defs. of Wildlife, 504 U.S. 555, 572 n.7 (1992) (explaining that a plaintiff would have standing to challenge an agency's failure to prepare an environmental impact statement regardless of whether the statement would ultimately change the agency's final decision). In other words, plaintiffs need only show that an adherence to proper procedure could prompt the agency to reach a different conclusion. Ctr. for Biological Diversity, 861 F.3d at 185.

Here, TRIP was designed to safeguard an individual's concrete interest in freedom of movement and admissibility to the United States by providing a procedural mechanism to correct erroneous agency records. And courts have recognized that an individual's interest in their admissibility to the United States, which is harmed by an inadmissibility finding, is sufficient to establish Article III standing. In Matushkina v. Nielsen, the plaintiff sought relief under the APA

11

regarding an inadmissibility determination, which the district court originally dismissed for lack of standing, concluding—as DHS argues here—that "as an unadmitted alien, [Ms.] Matushkina had no legally protected right to enter the United States." 877 F.3d 289, 292 (7th Cir. 2017). The Seventh Circuit rejected that argument, holding that, although Ms. Matushkina had no right to be admitted to the United States, she had a legally cognizable "interest in her <u>admissibility</u> to the United States, and the injury to that interest [wa]s apparent on the face of the complaint." <u>Id.</u> at 293 (emphasis added). Other courts have come to similar conclusions elsewhere in immigration law. For example, "losing a significant opportunity to receive an immigrant visa . . . is itself a concrete injury, although immigration plaintiffs have no right to the visa itself." <u>Ranjan v. DHS</u>, 747 F. Supp. 3d 192, 198 (D.D.C. 2024) (citation modified).

Likewise, while Challa has no right to be admitted to the United States, she has a sufficient interest in her admissibility. <u>See</u> <u>Matushkina</u>, 877 F.3d at 293. And DHS's failure to provide a lawful TRIP procedure directly implicates Challa's underlying interest in admissibility to the United States. Contrary to DHS's assertions, Challa is not required to show that DHS's adherence to the APA regarding its TRIP process would definitively change her inadmissibility determination. She only needs to show that ordering DHS to provide a reasoned explanation of its denial of her application <u>could</u> lead it to a different conclusion. <u>See</u> <u>Ctr. for Biological Diversity</u>, 861 F.3d at 185. Even though Challa's underlying substantive injury is unreviewable, that injury still establishes her right to have allegedly deficient agency procedures reviewed by this Court. Accordingly, Challa has standing to raise her procedural APA claim.

### C. The Doctrine of Consular Nonreviewability Does Not Apply to Challa's Challenge to TRIP Procedures

Finally, DHS argues that, even if the Court has jurisdiction to hear Challa's procedural claim, the doctrine of consular nonreviewability strips her of a cause of action because Challa's

claim "seeks to invalidate the inadmissibility determination that led to the [consulate's] denial of her visa." Def.'s Mot. at 25. This Court is unpersuaded.

The doctrine of consular nonreviewability precludes APA review of "a consular officer's denial of a visa," Dep't of State v. Muñoz, 602 U.S. 899, 908 (2024), and applies equally "to suits where a plaintiff seeks to challenge a visa decision indirectly," Chohan v. Dep't of State, Civ. A. No. 24-2617, 2025 WL 2531843, at *2 (D.D.C. Sept. 3, 2025) (quoting Matushkina, 877 F.3d at 295). But the doctrine is inapplicable here because Challa neither directly nor indirectly challenges a consular officer's decision to deny her a visa.

Challa's claim targets DHS's TRIP procedures—specifically, the Agency's failure to explain its denial decision. See 2d Am. Compl. ¶ 88. Her claim would leave undisturbed the consular officer's discretionary visa denial decision. And as another judge in this district has recognized, consular nonreviewability does not preclude a plaintiff's APA claim when it challenges action taken by DHS—not a consular officer. See Ranjan, 747 F. Supp. 3d at 202 ("DHS has offered nothing to suggest that the inadmissibility finding was made by a consular officer—and there is therefore no reason to believe that consular nonreviewability attaches."); see also Mulligan v. Schultz, 848 F.2d 655, 657 (5th Cir. 1988) (holding that consular nonreviewability did not apply where plaintiffs challenged the Secretary of States's authority rather than a consular officer's visa decision). Thus, the doctrine of consular nonreviewability does not apply, and Challa has stated a claim that DHS's failure to explain its denial of her TRIP application violated § 555(e) of the APA.

The Court notes, however, that Challa's procedural challenge cannot open the door to a subsequent substantive challenge to her inadmissibility determination if DHS were to offer her an explanation of its TRIP denial that she disputes. As stated above, this Court lacks jurisdiction to review any type of claim challenging, directly or indirectly, the expedited removal order or the

13

determinations underlying that order.  So while the APA entitles Challa to an explanation, the Act bars her from challenging the validity of that explanation.

## CONCLUSION

Section 1252(a)(2)(A)(i) of the Act precludes this Court from reviewing Challa's substantive challenge to DHS's failure to correct her records because Congress precluded any claims that challenge determinations underlying an order of expedited removal.  However, Challa's procedural challenge to the allegedly unreasoned denial of her TRIP application may proceed because it does not disturb the expedited removal order or any underlying determinations.

For the foregoing reasons, the Court will grant in part and deny in part defendant's motion to dismiss.  A separate order will accompany this opinion.

/s/
JOHN D. BATES
United States District Judge

Date: July 9, 2026